UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SIMRANJOT SINGH,

                    Petitioner,

        v.

KRISTI NOEM, et al.,

                    Respondent.

Case No. 2:26-cv-00766-TLF

ORDER GRANTING HABEAS
PETITION IN PART

Immigration detainee, Simranjot Singh, through counsel, filed a habeas corpus petition under 28 U.S.C. § 2241, alleging a violation of his Fifth Amendment due process rights. Dkt. 1. He asks for the following relief: (1) a writ of habeas corpus ordering respondents to immediately release him from detention; (2) an order permanently enjoining his re-detention during the pendency of removal proceedings absent written notice and a hearing prior to re-detention where the Government must prove by clear and convincing evidence that petitioner is a flight risk or a danger to the community and that no alternatives to detention would mitigate those risks; (3) an order enjoining the Government from placing GPS ankle monitors on petitioner upon his release, absent clear and convincing evidence that petitioner is a flight risk or danger to the community and that no other alternatives would mitigate those risks; (4) an order declaring that petitioner's re-detention while removal proceedings are ongoing without first providing an individualized determination before a neutral decisionmaker violates

ORDER GRANTING HABEAS PETITION IN PART - 1

the Due Process Clause of the Fifth Amendment; and (5) an award of reasonable attorney fees and costs. *Id*. at 13-14.

The parties unanimously consented to the jurisdiction of a Magistrate Judge. Dkt. 3.

For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART the federal habeas petition (Dkt. 1).

## BACKGROUND

Petitioner is a native and citizen of India. Dkt. 6 (Declaration of Deportation Officer Harold Britt Jr. ("Britt Decl.") ¶ 3; Dkt. 7 (Declaration of Lawrence Van Daley ("Van Daley Decl.")), Ex. 1 (Form I-213). On or about April 10, 2019, he entered the United States without inspection at or near Calexico, California, and was processed for expedited removal. *Id.* He was detained at the Imperial Regional Adult Detention Center. *Id.*

On April 15, 2019, petitioner expressed a fear of return to India and was referred to U.S. Citizenship and Immigration Services (USCIS) for a credible-fear interview. Dkt. 7 (Britt Decl.), ¶ 4. On May 21, 2019, USCIS issued a negative credible-fear determination. *Id.* Petitioner requested review by an Immigration Judge on June 5, 2019. *Id.* On June 12, 2019, the Immigration Judge found a positive credible fear, vacated the expedited-removal order, and placed petitioner in section 240 removal proceedings. Dkt. 7 (Britt Decl.), ¶ 5.

On June 18, 2019, the Department of Homeland Security (DHS) served petitioner with a Notice to Appear ("NTA) charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). Dkt. 7 (Britt Decl.), ¶ 6. On June 19, 2019, petitioner requested a

ORDER GRANTING HABEAS PETITION IN PART - 2

custody redetermination. *Id.* On July 5, 2019, an Immigration Judge in Imperial, California, ordered his release on $20,000 bond. *Id.* ¶ 7. Petitioner posted bond and was released on July 16, 2019, and enrolled by DHS in the ISAP Electronic Monitoring Program with a non-removable GPS ankle monitor. *Id.* On May 28, 2021, an Immigration Judge in San Francisco denied petitioner's applications for asylum, withholding of removal, and Convention Against Torture protection and ordered him removed to India. *Id.*, ¶ 8. Petitioner reserved appeal and filed his appeal with the Board of Immigration Appeals (BIA) on June 22, 2021. *Id.* The parties agree the appeal remains pending.

On January 11, 2026, Canadian border authorities took petitioner into custody. Dkt. 6 (Britt Decl.), ¶ 9. The Government presents evidence in the form of a declaration from Deportation Officer Britt and petitioner's Form I-213 Record of Deportable/Inadmissible Alien, that "petitioner was apprehended by Canadian authorities attempting to enter Canada without inspection and upon apprehension made an asylum claim with the Canadian authorities[.]" Dkt. 6 (Britt Decl.), ¶ 9; Dkt. 7 (Van Daley Decl.), Ex. 1. The Government presents evidence that petitioner's asylum claim was denied under the Safe Third Country Agreement ("STCA"). Dkt. 7 (Van Daley Decl.), Ex. 1 (Form I-213), Ex. 2 (Report Under Subsection 44(1) of the Immigration and Refugee Protection Act), (Exclusion Order). Petitioner was returned to the United States at the Blaine, Washington port of entry and taken into custody by Customs and Border Protection. Dkt. 6 (Britt Decl.), ¶ 9; Dkt. 7 (Van Daley Decl.), Ex. 2.

Petitioner's petition represents that on January 10, 2026, he was "present at the Blaine border crossing to drop off his girlfriend for departure in an Uber when officers of

ORDER GRANTING HABEAS PETITION IN PART - 3

the Canadian Border Patrol approached the vehicle, questioned the occupants, and detained Petitioner. After separating and individually questioning those present, Canadian authorities transferred Petitioner to U.S. Border Patrol, and he was subsequently taken into custody and placed in a detention facility." Dkt. 1 at 5.

On January 12, 2026, DHS issued a Form I-200 Warrant of Arrest, cancelled petitioner's prior bond, and transferred him to the NWIPC in Tacoma, Washington, where he remains detained. Dkt. 6 (Britt Decl.), ¶ 10; Dkt. 7 (Van Daley Decl.), Ex. 3, (Form I-200 Warrant).[1] The Form I-200 Warrant for Arrest is directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8 Code of Federal Regulations, to serve warrants of arrest for immigration violations." *Id.* It is signed by a CBP officer and states "I have determined that there is probable cause to believe that [petitioner] is removable from the United States. This determination is based upon … the pendency of ongoing removal proceedings against the subject." *Id.*

And the Form I-213, Record of Deportable/Inadmissible Alien dated 1-12-2026, states that "[Petitioners] BIA appeal is still pending. Current CBP guidelines allows for the release of subjects with pending future court dates and though [petitioner] has a pending BIA appeal he does not have a future court date. As such he is being forwarded to ERO for detention." Dkt. 7 (Van Daley Decl.), Ex. 1 (Form I-213).

**DISCUSSION**

**A.    Mandatory or Discretionary Detention**

---

[1] In his declaration, Deportation Officer Britt states that on February 27, 2026, petitioner sent an inter-facility message to Enforcement and Removal Operations stating that he had instructed his attorney to withdraw the pending BIA appeal. Britt Decl., ¶ 11. But the parties agree that at this time petitioner's appeal to the BIA remains pending.

ORDER GRANTING HABEAS PETITION IN PART - 4

Petitioner argues he is subject to discretionary detention under 8 U.S.C. § 1226(a). Dkt. 1. The Government argues relief should be denied because petitioner is present in the United States "without having been admitted" and is an "applicant for admission" under 8 U.S.C. § 1225(a)(1) and subject to mandatory detention under 8 U.S.C. § 1225. Dkt. 5 at 3-5 (citing *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026)).[2] The Government also argues petitioner's status as an "applicant for admission" was "re-confirmed in January 2026 when Canadian border authorities apprehended Petitioner attempting illegal entry into Canada and returned him to U.S. custody at the Blaine, Washington port of entry." Dkt. 5 at 5.

In determining whether petitioners who have been apprehended on arrival, released, and later apprehended again, are subject to discretionary detention under § 1226(a) or mandatory detention under § 1225(b), the Court considers the government's treatment of the petitioner seeking habeas relief as "particularly relevant." *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). If respondents treat petitioner as being subject to discretionary detention under § 1226, rather than § 1225 mandatory detention, and they provide no reasoning or factual and legal basis to justify mandatory detention, then the Court should rely on § 1226 as the applicable statutory authority. *Id.*; *see also, Romero v. Hyde*, 795 F. Supp.3d 271, 282 (D. Mass. 2025) (ICE documentation showed petitioner

---

[2] The Court is aware of the Fifth Circuit Court of Appeals split decision, and the opinion of the Eighth Circuit (also a split decision) in *Avila v. Bondi*,__ F.4th __, No. 25-3248, 2026 WL 819258 (8th Cir. March 25, 2026). These opinions are not binding on this Court and are inconsistent with this Court's view of the statutory text and relevant Ninth Circuit and Supreme Court authority interpreting it.

ORDER GRANTING HABEAS PETITION IN PART - 5

was detained under § 1226, even though respondents argued in response to the habeas corpus petition that mandatory detention was appropriate under § 1225(b)).

The record reflects petitioner is subject to detention under § 1226(a). Persons detained under § 1225 may only be released for "urgent humanitarian reasons or significant public benefit" under the agency's parole authority under 8 U.S.C. § 1182(d)(5)(A). In contrast, individuals detained under § 1226(a), may be released on bond or on conditional parole during the pendency of removal proceedings. 8 U.S.C. § 1226(a).

Here there is no evidence that petitioner was released on humanitarian parole under 8 U.S.C. § 1182(d) when he first arrived in the United States in 2019. Rather, although petitioner was initially placed in expedited removal proceedings when he arrived in the country in 2019, those proceedings were cancelled, and petitioner was served with an NTA charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) as "present in the United States without being admitted or paroled." *See Del Valle Castillo*, 2025 WL 3524932, at *6 (finding  NTA charging petitioner as removable only under 8 U.S.C. § 1182(a)(6)(A)(i) is evidence that petitioner is detained under § 1226). And, after requesting a custody redetermination, an immigration judge ordered petitioner's release on bond, not on humanitarian parole, indicating he was released under § 1226(a). *See* 8 U.S.C. § 1226(a); *Del Valle Castillo*, 2025 WL 3524932, at *6 (finding release under conditions other than parole under § 1182(d) is evidence that petitioner is detained under § 1226(a)).

ORDER GRANTING HABEAS PETITION IN PART - 6

The Government also argues petitioner's status as an "applicant for admission" was:

> re-confirmed in January 2026 when Canadian border authorities apprehended Petitioner attempting illegal entry into Canada and returned him to U.S. custody at the Blaine, Washington port of entry. At that moment, Petitioner was again processed by Customs and Border Protection as an applicant for admission. DHS issued a Form I-200 Warrant of Arrest on January 12, 2026, and placed him in mandatory detention. Because Petitioner was not "clearly and beyond a doubt entitled to be admitted," 8 U.S.C. § 1225(b)(2)(A) required that he "shall be detained for a proceeding under section 1229a.

Dkt. 5 at 5.

But the record reflects that petitioner was not processed as an applicant for admission when he was re-detained in January 2026. The Government did not issue petitioner a new NTA charging him as inadmissible on some other ground or otherwise categorizing him as an "applicant for admission" subject to 8 U.S.C. § 1225.

The only operative NTA refers to petitioner's 2019 arrival in the United States and charges him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) as "present in the United States without being admitted or paroled." And, the Form I-200 Warrant for Arrest is directed to "[a]ny immigration officer authorized pursuant to [INA] sections 236 [ codified at 8 U.S.C. § 1226.]" *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. Aug. 13, 2025) ("Respondents' own exhibits unequivocally establish that [the petitioner] was detained pursuant to Respondents' discretionary authority under § 1226(a). The warrants for [the petitioner's] respective arrests in 2023 and 2025 explicitly authorized those arrests pursuant to 'section 236 of the Immigration and Nationality Act'—i.e., § 1226.").

ORDER GRANTING HABEAS PETITION IN PART - 7

Also, the Form I-213, Record of Deportable/Inadmissible Alien dated 1-12-2026, states that petitioner was detained not because he was "an applicant for admission" subject to mandatory detention under § 1225 but because, although he has a pending BIA appeal in his *ongoing* removal proceedings, he does not have a future court date, which would have allowed for the release under CBP guidelines.

There is no evidence that any official determined petitioner was an "applicant for admission" and was not "clearly and beyond a doubt entitled to be admitted" and thus subject to mandatory detention. *See* 8 U.S.C. § 1225(b)(2) ("in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.").

The Court finds § 1226 governs petitioner's detention, and he is not subject to mandatory detention under § 1225.

**B.    Fifth Amendment Due Process**

The Government argues petitioner's re-arrest and re-detention was consistent with due process under the Fifth Amendment. [3] The Court agrees with the analysis of *E.A. T.B v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 18, 2025); therefore the Court reviews the government's decisions and actions to deprive petitioner of his liberty interests under the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976): The private interest affected by the official action; the risk of erroneous deprivation of

---

[3] The Government does not directly respond to petitioner's *Mathews* Due Process argument. *See generally* Dkt. 5.The Government instead conducts a *Banda* analysis, which petitioner did not assert. *Banda* is inapplicable as petitioner is subject to § 1226(a). Dkt. 5 at 7-9 (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019)).

ORDER GRANTING HABEAS PETITION IN PART - 8

such interest through the procedures used, the probable value of additional or substitute procedural safeguards; and the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the *Mathews* test applies in "the immigration detention context.").

### 1.    Private Interest

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld,* 542 U.S. 507, 529 (2004). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see also Zadvyda*s, 533 U.S. at 696 (finding that a non-citizen has a liberty interest "strong enough" to challenge "indefinite and potentially permanent" immigration detention).

A released individual has had an "opportunity 'to form the [ ] enduring attachments of normal life'" and thus has a heightened liberty interest, such as those which led the Supreme Court in *Morrisey* [*v. Brewer*] to impose due process requirements on parolees where the state seeks to revoke parole. *Carballo v. Andrews*, No. CV25-978-KES-EPG (HC), 2025 WL 2381464, at *4 (E.D. Cal. Aug. 15, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471 (1972)); *and see Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093, No. 2:25-cv-00647-DJC-DMC, (E.D. Cal. Mar. 3, 2025) ("individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty"); *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may

ORDER GRANTING HABEAS PETITION IN PART - 9

sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]"); *E.A. T.-B.*, 795 F. Supp. 3d at 1320–21.

When petitioner was released from ICE custody for over six years, he "took with him a liberty interest which is entitled to the full protections of the [D]ue [P]rocess [C]lause." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025). The record reflects petitioner was released on bond under § 1226(a), in 2019, and petitioner has a pending appeal of his removal order before the BIA. Petitioner contends, and respondents do not dispute, that he has complied with all of the conditions of release set by ICE. Dkt. 1 at 2.

The first factor weighs in petitioner's favor.

**2.      Risk of Erroneous Deprivation**

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest and the probable value, if any, of additional or substitute procedural safeguards.

At the time of petitioner's arrest, he was not provided with notice of the allegations or an opportunity to respond prior to, during, or immediately after his arrest. There was no neutral decisionmaker, no meaningful notice, and no meaningful opportunity to contest ICE's assertions before petitioner's detention. There was no assessment of petitioner's flight risk or dangerousness to the community either prior to, during, or after his detention. Petitioner asserts, and the Government does not dispute, that he has no criminal history, and that during the over six years since his release from custody in 2019, that he complied with the conditions of his release.

ORDER GRANTING HABEAS PETITION IN PART - 10

Further, the Government's evidence reflects that petitioner's continued detention was not based on an assessment of flight risk, dangerousness, or any alleged violation of the conditions of his release but was instead based solely on the fact that petitioner did not have an upcoming court date in his ongoing removal proceedings. *Singh v. Noem*, No. C26-0302JLR, 2026 WL 879247, at *4 (W.D. Wash. Mar. 31, 2026) (finding the first and second *Mathews* factors weighed in favor of petitioner where the Government asserted but failed to detail the nature of the alleged violation of petitioner's conditions of release).

There is conflicting evidence in the record regarding the circumstances of petitioner's detention by the Canadian Border Patrol and whether he was, in fact, attempting to enter Canada without inspection. Petitioner disputes that he was, in fact, intending or attempting to enter Canada without inspection. Dkt. 1 at 5.

The Court finds, under the circumstances, the risk of erroneous deprivation is high. Under the circumstances, petitioner should have been given notice of the reason for his re-detention and the opportunity to be heard at a pre-deprivation hearing where the Government bears the burden of proof, under *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), to justify immigration re-detention by clear and convincing evidence.[4]

Thus, the Court finds the second *Mathews* factor favors petitioner.

**3.      The Government's Interest**

---

[4] In his traverse, petitioner references for the first time a February 17, 2026, custody re-determination hearing. Dkt. 8 at 13-14. Petitioner argues this hearing was not sufficient to satisfy due process because it was held post-detention and did not apply the proper burden of proof – that the Government must prove petitioner is  flight risk or danger by clear and convincing evidence. *Id.* Neither the petition nor the Government's response mention a February 17, 2026, hearing. This was not asserted in the habeas corpus petition, and the respondents do not mention it, the Court therefore will not consider allegations relating to this hearing.

ORDER GRANTING HABEAS PETITION IN PART - 11

The Government's interest in civil detention without a hearing is low. *See E.A. T.B*, 795 F. Supp. 3d at 1323-24 (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.")).

Because the Government has failed to demonstrate a substantial interest in reducing the Due Process protections, and because the administrative burden of providing a timely hearing is outweighed by the serious risk of erroneous deprivation, and the petitioner's strong interest in continued liberty on bond, the third *Mathews* factor also weighs in petitioner's favor.

**C.    Permanent Injunctive Relief**

Petitioner also seeks an order permanently enjoining his re-detention during the pendency of removal proceedings absent written notice and a hearing prior to re-detention where the Government must prove by clear and convincing evidence that petitioner is a flight risk or a danger to the community and that no alternatives to detention would mitigate those risks.

Petitioner does not adequately argue that re-detention is likely, or that such detention is likely to occur without proper notice and an opportunity to be heard. Without argument or evidence petitioner fails to demonstrate he is entitled to the requested relief. *See Torres v. Hermosillo*, 25-cv-02687-LK, 2026 WL 145715, at *8 (W.D. Wash. Jan. 20, 2026); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."). For this reason, the request for injunctive relief

ORDER GRANTING HABEAS PETITION IN PART - 12

preventing petitioner's re-detention without pre-detention notice and a hearing is denied without prejudice.

Petitioner also seeks an order enjoining the Government from placing GPS ankle monitors on petitioner upon his release, absent clear and convincing evidence that petitioner is a flight risk or danger to the community and that no other alternatives would mitigate those risks. But the record shows that when petitioner was released on bail in 2019, he was also placed in the ISAP Electronic Monitoring Program and placed on a GPS ankle monitor. Dkt. 7 (Britt Decl.), ¶ 7. There is no indication in the record that petitioner was no longer subject to those same conditions when he was re-detained in 2026 and, absent argument or evidence to the contrary, the Court infers that petitioner was still subject to those conditions when he was re-detained. Petitioner presents no persuasive argument for why petitioner should be released on less restrictive conditions than he was subject to when he was re-detained. Accordingly, the Court denies petitioner's request for an order enjoining the Government from placing a GPS monitor on petitioner upon his release. Rather, under the circumstances, it is appropriate to restore petitioner to the conditions of release he was previously subject to at the time of his re-detention.

## CONCLUSION

For the reasons stated above, the petition for writ of habeas corpus (Dkt. 1) is GRANTED IN PART AND DENIED IN PART, and the Court ORDERS as follows:

(1) The Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b).

ORDER GRANTING HABEAS PETITION IN PART - 13

(2)  The Government shall release petitioner from custody within 24 hours of the filing of this Order, under his most recent conditions of release.

(3) No later than two days after petitioner's release the Government must file with the Court a declaration confirming the date and time petitioner has been released from custody.

(4) Petitioner's request for injunctive relief permanently enjoining his re-detention during the pendency of removal proceedings absent written notice and a hearing prior to re-detention where the Government must prove by clear and convincing evidence that petitioner is a flight risk or a danger to the community and that no alternatives to detention would mitigate those risks is DENIED without prejudice.

(5) Petitioner's request for an order enjoining the Government from placing GPS ankle monitors on petitioner upon his release, absent clear and convincing evidence that petitioner is a flight risk or danger to the community and that no other alternatives would mitigate those risks, is DENIED.

(6) The Court will entertain any post-judgment motion for attorney's fees.


Dated this 17th day of April, 2026.


*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING HABEAS PETITION IN PART - 14